**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 11-196 |
| | ) | Judge Nora Barry Fischer |
| ERNEST THOMAS HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

### I. INTRODUCTION

Defendant Ernest Thomas Harris ("Defendant") is accused of possession of ammunition

by a convicted felon on July 31, 2010 in violation of 18 U.S.C. § 922(g)(1) and is set to stand

trial on September 12, 2012. (Docket No. 1). The parties have stipulated to Defendant's status

as a prior convicted felon under § 922(g)(1). (Docket No. 95). At issue during the trial will be

the remaining elements of this offense, i.e., whether Defendant possessed the ammunition and

whether the ammunition affected interstate commerce. Defendant denies that he possessed the

ammunition as alleged. The Government seeks to buttress its case regarding the possession

element through the introduction of "evidence of other crimes, wrongs, or acts" under Rule

404(b). (Docket Nos. 36, 44). Presently before the Court is Defendant's motion in limine to

exclude such evidence from consideration and the Government's motion to admit Rule 404(b)

evidence.[1] (Docket No. 89).[2] Upon consideration of the parties' positions and after hearing oral

argument from counsel at the Pretrial Conference held on September 10, 2012, (*see* Docket No.

---

[1]     As is discussed in § II, *infra*, the Court initially granted Defendant's motion for lack of a timely opposition from the Government. (*See* Docket No. 100). However, the Court reconsidered this ruling and heard argument as to the admissibility of the evidence set forth in the Government's Notice (Docket No. 36) and Supplemental Notice (Docket No. 44) and Defendant's motion in limine (Docket No. 89) at the pretrial conference. (Docket No. 102).

[2]     Defendant's motion is re-filed as an errata version at docket number 90. For convenience and because the motion is pending at docket number 89, the Court will cite to docket number 89 throughout this decision.

103), and for the reasons further detailed below, Defendant's Motion [89] is granted, in part and denied, in part.

Defendant's motion is granted to the extent that he seeks to exclude the Government's proffered Rule 404(b) evidence as to the Defendant's prior conviction under § 922(g)(1) in 2002 and his post-offense conviction under § 922(g)(1) in 2011; however, it is denied to the extent that he seeks to exclude evidence from the robbery of Big Toms Barber Shop on July 30, 2010, as such evidence is admissible under Rule 404(b) and its probative value is not substantially outweighed by the applicability of the considerations listed in Rule 403. Finally, because the Court finds that the robbery evidence is admissible under Rule 404(b), the Court overrules Defendant's objection to Government Exhibit 13, a map of the Hill District identifying the locations of: the July 30, 2010 robbery at Big Toms Barber Shop on Centre Avenue; Defendant's subsequent arrest on July 30, 2010 on Roberts Street; and 8 Roberts Street, where the search warrant was executed on July 31, 2010 and the ammunition charged at Count One was seized by law enforcement.

## II.  RELEVANT BACKGROUND

As the facts and circumstances of this case and the challenged evidence are well known by the parties, and the trial of this matter is imminent, the Court limits its discussion to those facts which are relevant to the disposition of the instant dispute.[3]

### A.  Relevant Procedural History Regarding Rule 404(b) Evidence

Prior to the Defendant filing any pretrial motions as to Count One in this case, the Government filed its Notice of 404(b) Evidence on January 18, 2012. (Docket No. 36). While this notice provided a general description of the evidence the Government sought to admit under

---

[3]      For further discussion of the facts and procedural history of this case, please see the Court's prior decision denying Defendant's motion to suppress evidence.  *See* Docket No. 78; *see also United States v. Harris*, --- F.Supp.2d ----, 2012 WL 3230963 (W.D.Pa. Aug. 6, 2012).

Rule 404(b) and identified the evidence as either intrinsic or extrinsic, it does not set forth any theories of admissibility. (*Id.*). On February 21, 2012, Defendant filed a motion for disclosure of Rule 404(b) evidence. (Docket No. 39). The Government filed a Supplemental 404(b) Notice on March 6, 2012. (Docket No. 44). The Government also submitted its response to the Defendant's motion on March 20, 2012, wherein it indicated that Defendant's motion for disclosure was premature. (Docket No. 50).

At the pretrial motions hearing on April 24, 2012, the attorneys for the government and the defense engaged in brief oral argument as to the Rule 404(b) motion. (Docket No. 69 at 4-8). Defense counsel argued that the government's submissions regarding Rule 404(b) did not meet the "completeness requirements" which were set forth in the commentary to Rule 404(b). (*Id.*). In response, Government counsel suggested that he had met the requirements of Rule 404(b) to provide the defense with general notice of the Rule 404(b) evidence the government seeks to admit at trial. (*Id.*). The Court pointed out that its Pretrial Order issued in criminal cases would set a deadline for the production of such materials. Both counsel acknowledged that they had seen a copy of the Court's standard pretrial order (which, is attached to this Court's Practices and Procedures) and a copy was presented to counsel by the Court's Law Clerk during the hearing.

The Court denied Defendant's motion, without prejudice, to raising specific objections to the Government's Notice and Supplemental Notice by the deadlines set forth in a then-forthcoming Pretrial Order. (Docket No. 82). The Court issued its Pretrial Order later that day and directed that Rule 404(b) materials were to be disclosed by August 20, 2012 and that all motions in limine were due by August 24, 2012. (Docket No. 85 at ¶¶ 4, 5). Defendant filed his motion in limine on August 24, 2012. (Docket No. 89). The Government did not timely submit a motion in limine or a response to the motion in limine and the Court entered an order denying

the Government's tardy motion in limine (*see* Docket No. 99) and granting Defendant's motion in limine for lack of opposition thereto on September 5, 2012.  (Docket No. 100).

The Government sought reconsideration of this Order on September 7, 2012, wherein counsel provided reasons for his delays, including his prior trial during the week of August 24, 2012 and personal matters from August 31 through the Labor Day holiday.  (Docket No. 101).  The Court granted the motion for reconsideration, in part, on September 7, 2012 and ordered that:

> [it] will decide the admissibility of any 404(b) issues based solely on the contents of the defense motion at document 89 and the government's previous filings 36 and 44.

(Docket No. 102).

### B.  *Charged Conduct and Related Events of July 31, 2010*

The instant charge arises from the Defendant's alleged possession of nine millimeter Luger caliber "R-P" ammunition on July 31, 2010.  (Docket No. 1).  The ammunition was seized by Pittsburgh Police Officers from a residence at 8 Roberts Street located in the Hill District area of Pittsburgh under a search warrant.  (*See* Docket No. 78; *see also* Govt. Ex. 1, Docket No. 67-2).  Defendant has maintained throughout this litigation that 8 Roberts Street was not his residence but instead was a crack house where addicts (including Defendant and his paramour Dorothy Littlejohn) would crash for days at a time and consume large quantities of illegal narcotics.  (*Id.*).  Defendant was not present at the residence when the search warrant was executed by the officers.  (Docket No. 78 at n.5).

In addition to the ammunition, several other items were seized from the residence during the search including: (1) a bag of suspected cocaine; (2) a digital scale; (3) silver spoons & syringe; (4) indicia; and (5) several wallets.  (Govt Exs. 1, 2, 3a, 3b, 6a, 6b, 7a, 7b, 8a, 8b, 9a, 9b,

10, 11a, 11b, 12).[4]  Defendant has not lodged any objections to the admissibility of items (1) –

(4) and the Government has indicated that it does not intend to introduce the wallets (item 5) in

its case-in-chief.  As such, there is no apparent dispute as to the admissibility of these items.

### C. *Uncharged Conduct/Other Convictions*

However, the parties do dispute the admissibility of certain other evidence at trial.  To

this end, the Government seeks to admit evidence of Defendant's past activities during three

separate events: (1) his possession of a firearm on January 15, 2002 which resulted in his prior

federal conviction for possession of a firearm by a convicted felon; (2) his possession of a

firearm and use of same during an armed robbery of Big Toms Barber Shop in the Hill District

on July 30, 2010; and (3) his possession of a 40 S&W caliber semiautomatic Glock pistol on

June 1, 2011 which resulted in his nolo contendere plea to Count Two of the instant indictment.[5]

(Docket No. 36).  The Government also intends to admit evidence of the Defendant's heavy drug

and alcohol use on June 1, 2011 which precipitated his possession of the firearm and resulted in

the Court's acceptance of his nolo contendere plea due to his apparent intoxication and inability

to form the requisite intent to possess the firearm on that occasion.  (Docket No. 44).  The Court

will now briefly discuss the relevant facts of record as to each of these incidents.

### 1. 1/15/02 Possession of a Firearm

On January 15, 2002, Defendant was approached by officers while sitting in a Dodge

sedan in the Hill District area of Pittsburgh, Pennsylvania.  (Docket No. 36 at ¶ 1(i); *see also* PIR

at ¶ 37).  An officer observed Defendant reach into his inner coat pocket and pull out a silver

---

[4]    Defendant was charged with a number of offenses in state court due to his possession of these items.  (PIR at ¶ 39).  On December 7, 2010, he pled guilty to a lesser charge at count one, possession of drug paraphernalia and also disorderly conduct at count four.  (*Id.*).  Other, more serious charges, such as intent to manufacture controlled substances, were dismissed.  The sentence imposed was "without further penalty" and he was released from custody. (*Id.*).

[5]    The Court notes that the Government set forth a lengthy list of potential 404(b) evidence in its prior filings. (Docket Nos. 36, 44).  However, the Government has narrowed the potential evidence it seeks to use at trial to the matters discussed herein.  (*See* Docket No. 89).

pistol. (PIR at ¶ 37). Defendant rebuked initial commands from the officers to drop the gun and raise his hands in the air. (*Id.*). He ultimately complied and was removed from the vehicle. (*Id.*). A Colt .45 pistol was recovered with six rounds in the magazine and one in the chamber. (*Id.*).

Defendant was charged federally under 18 U.S.C. § 922(g)(1) at case number 02-25 in this District and pled guilty to such offense. (*Id.*). He was sentenced to seventy (70) months imprisonment and 3 years of supervised release. (*Id.*). Defendant twice violated the terms of his supervised release and was sentenced to additional terms of incarceration. (*Id.*). He was eventually released from custody on December 12, 2009. (*Id.*).

### 2. 7/30/10 Armed Robbery of Big Toms Barber Shop

On June 30, 2010, Defendant committed an armed robbery of Big Toms Barber Shop in the Hill District. (Docket No. 36 at 1; *see also* Docket No. 78 at 3-6). Defendant told the owner of the barber shop that he should pay him money for security for his business. The owner refused, and Defendant left. He later returned with a black and silver semiautomatic pistol. He pointed the pistol at the owner, punched him in the face, cocked the firearm and told him to give him money and a ring he was wearing. The owner acquiesced and turned over these items to Defendant. Defendant commented that the owner "should have gave him money for security" and then fled the scene in a red SUV driving toward downtown Pittsburgh on Centre Avenue. He was apprehended by Pittsburgh Police later that evening on Roberts Street about a block from the 8 Roberts Street residence.

These events precipitated the police officers' acquisition of the search warrant on June 31, 2010 as described above and the eventual search of 8 Roberts Street for the purpose of finding the firearm used during the offense, the cash and the ring. The firearm which was used

in the commission of this offense was apparently never recovered by police. But, the ammunition which is charged at Count One was seized during this search.

### 3. 6/1/11 Possession of Firearm at Ace's & Deuce's Bar

On June 1, 2011, Defendant was at the Ace's & Deuce's Bar in the Hill District, threatening individuals inside the bar with a gun. (Docket No. 36 at ¶ 1(k); *see also* PIR at ¶ 10). Defendant was severely intoxicated at the time. (*Id.*). He was observed possessing a firearm by officers who responded to the scene. (*Id.*). The firearm was a Glock 40 S&W caliber handgun. (*Id.*). Subsequent ballistic tests of this firearm matched shell casings found at the scene of the murder of Stephon Green in the Hill District which occurred on April 6, 2011. (PIR at ¶ 11). Defendant was present at the scene of this murder but was not believed to be the shooter. (PIR at ¶ 9).

During a hearing on the nolo plea, Defendant testified concerning his extensive drug and alcohol use both prior to and while at Ace's & Deuce's Bar. (Docket No. 64 at 22-53). The Government objected to the nolo plea but the Court accepted the nolo plea on December 20, 2011 over the Government's objection given Defendant's apparent intoxication. (Docket Nos. 31, 32, 64). His sentencing for this conviction has not yet been scheduled pending disposition of Count One.[6] (PIR at ¶ 10).

## III. LEGAL STANDARD

Evidence of a criminal defendant's conduct which is not charged in the indictment, including crimes, wrongs or other acts, may be admissible if: (1) the evidence is intrinsic to the charged offense; or, (2) the evidence is extrinsic to the charged offense but is offered for a proper purpose under Rule 404(b). *See United States v. Green*, 617 F.3d 233, 249-49 (3d Cir. 2010),

---

[6] As the Court set forth in its Amended Tentative Findings and Rulings, the Defendant's advisory guideline for this offense is above the statutory maximum sentence of 120 months' imprisonment. (Docket No. 66). As such, the advisory guideline range is 120 months for this offense. (*Id.*).

*cert. denied*, 131 S. Ct. 363, 178 L. Ed. 2d 234 (2010). In the Third Circuit, uncharged acts are considered intrinsic to the charged offense if such acts "directly prove" the charged offense, or are "performed contemporaneously with the charged crime" and "facilitate the commission of the charged crime." *Id.* at 248-49. This type of evidence is admissible without the need for the government to provide notice to the defense prior to trial or for the Court to provide limiting instructions to the jurors during trial. *Id.* Uncharged acts which do not come within this definition of intrinsic evidence constitute extrinsic evidence and must meet the requirements of Rule 404(b) prior to being admitted at trial. Rule 404(b) bars "the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character." *Huddleston v. United States,* 485 U.S. 681, 685, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988). Rule 404(b) provides, in pertinent part, that:

> (b) Crimes, Wrongs, or Other Acts.
> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> (2) Permitted Uses … This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.
> …

Fed. R. Evid. 404(b).

The admission of evidence under Rule 404(b) requires consideration of the following: "(1) the evidence must have a proper purpose; (2) it must be relevant; (3) its probative value must outweigh its potential for unfair prejudice; and (4) the court must charge the jury to consider the evidence only for the limited purposes for which it is admitted." *United States v. Cruz,* 326 F.3d 392, 395 (3d Cir. 2003) (citing *Huddleston,* 485 U.S. at 691–92). "Admission of bad acts evidence must be carefully scrutinized because, '[a]lthough the government will hardly

admit it, the reasons proffered to admit prior-bad-act evidence may often be a Potemkin, because the motive, we suspect, is often mixed between an urge to show some other consequential fact as well as to impugn the defendant's character.' " *United States v. Morena,* 547 F.3d 191, 194 (3d Cir. 2008) (quoting *United States v. Sampson,* 980 F.2d 883, 886 (3d Cir. 1992)). However, the United States Court of Appeals for the Third Circuit has held that:

> Rule 404(b) is a rule of inclusion rather than exclusion. *See United States v. Jemal,* 26 F.3d 1267, 1272 (3d Cir.1994). We favor the admission of evidence of other criminal conduct if such evidence is "relevant for any other purpose than to show a mere propensity or disposition on the part of the defendant to commit the crime." *United States v. Long,* 574 F.2d 761, 765 (3d Cir.1978) (quoting *United States v. Stirone,* 262 F.2d 571, 576 (3d Cir.1958), *rev'd on other grounds,* 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960)).

*United States v. Givan,* 320 F.3d 452, 460 (3d Cir.2003).

IV. ANALYSIS

The Court will first analyze the parties' arguments with respect to whether the evidence of the July 30, 2010 robbery constitutes intrinsic or extrinsic evidence in this case, and then will discuss the applicability of Rule 404(b) to the remainder of the challenged evidence.

*A. Intrinsic Evidence*

The parties' main dispute as to intrinsic evidence is whether the Defendant's participation in the armed robbery on July 30, 2010 is intrinsic to his alleged possession of the ammunition described at Count One on July 31, 2010 at the 8 Roberts Street residence.[7]  Initially, the parties dispute the appropriate legal standard governing whether certain evidence is intrinsic to the crime charged.  The Government argues that evidence is extrinsic if it is inextricably intertwined

---

[7]      The Court notes that Defendant has conceded that the other contraband items which were seized at 8 Roberts Street on July 31, 2010 which the Government seeks to introduce in its case-in-chief (i.e., the bag of suspected cocaine; digital scale; silver spoons and syringe; and indicia of residency) are admissible as intrinsic evidence.  Therefore, because there is no objection, the Court will not further discuss the admissibility of this evidence.

with the crime, while the defense maintains that the United States Court of Appeals for the Third Circuit has rejected the broad inextricably intertwined test in favor of a much more limited definition of intrinsic evidence.

The Court agrees with Defendant. In *Green*, the Court of Appeals examined precedent from other circuits, pointed out the many flaws in the inextricably intertwined test and ultimately concluded that the inextricably intertwined test "is not our test for intrinsic evidence" because it is "vague, overbroad, and prone to abuse."[8] *Green*, 617 F.3d at 248. The Court of Appeals further held that the label of intrinsic evidence would be reserved for "two narrow categories of evidence." *Id.*

> First, evidence is intrinsic if it "directly proves" the charged offense. *See e.g., Cross*, 308 F.3d at 320; *Gibbs*, 190 F.3d at 218 (acts of violence admissible as direct proof of the charged drug conspiracy). *See also Bowie*, 232 F.3d at 929 (acknowledging that evidence of "an act that is part of the charged offense ... is properly considered intrinsic"). This gives effect to Rule 404(b)'s applicability only to evidence of "other crimes, wrongs, or acts." Fed.R.Evid. 404(b) (emphasis added). If uncharged misconduct directly proves the charged offense, it is not evidence of some "other" crime. *Gibbs*, 190 F.3d at 218. Second, "uncharged acts performed contemporaneously with the charged crime may be termed intrinsic if they facilitate the commission of the charged crime." *Bowie*, 232 F.3d at 929. But all else must be analyzed under Rule 404(b).

*Id.* If a defendant is charged with committing a conspiracy offense, the scope of acts which constitute the offense are much broader than a case charging a single, criminal act. *See United States v. Haas*, 184 F. App'x 230, 233-34 (3d Cir. 2006). Thus, a broader scope of evidence is considered intrinsic in conspiracy cases. *Id.*

---

[8]     The Court notes that the Court of Appeals recognized in *Green* that it had previously declined to rule on whether it adopted the inextricably intertwined test in *Cross*, upon which the Government relies. However, the decision in *Green* is clear that it was rejecting this test. *See Green*, 617 F.3d at 248.

Here, Defendant is charged with a single act of possession of ammunition on a specific date. (Docket No. 1). Therefore, to determine if evidence directly proves the charged offense, the Court must first consider the disputed elements of the possession charge at Count One in this case. Defendant is charged with knowing possession of the ammunition in question on July 31, 2010. (Docket No. 1). It is undisputed that he was not present at 8 Roberts Street when the warrant was executed and he did not have actual, physical possession of the firearm at that time. Thus, the Government will seek to prove at trial that the Defendant had constructive possession of the firearm. The parties have stipulated that the Court should instruct the jury on constructive possession, in pertinent part, as follows:

> To establish the second element of the offense, the government must prove that Mr. Harris possessed the ammunition in question. To "possess" means to have something within a person's control. The government does not have to prove that Mr. Harris physically held the ammunition, that is, had actual possession of it. As long as the ammunition was within Mr. Harris' control, he possessed it. If you find that Mr. Harris either had actual possession of the ammunition or had the power and intention to exercise control over it, even though it was not in Mr. Harris' physical possession – that is, that Mr. Harris had the ability to take actual possession of the object when Mr. Harris wanted to do so - you may find that the government has proven possession.
>
> Possession may be momentary or fleeting.
>
> …
>
> The government must prove that Mr. Harris knowingly possessed the ammunition described in the indictment. This means that Mr. Harris possessed the ammunition purposely and voluntarily, and not by accident or mistake. It also means that Mr. Harris knew the object was ammunition.

3d Cir. Mod. J.I. § 6.18.922G-4. Thus, under *Green*, if the Government's proffered evidence "directly proves" that Defendant had the power to exercise control over the ammunition in this

case or the ability to take actual possession of the object whenever he wanted to, it is intrinsic to the offense and is outside the scope of Rule 404(b), which applies to only extrinsic evidence.

Defendant argues that the evidence as to the use of the loaded firearm during the robbery on July 30 is not intrinsic to the charged offense because the Government never found the firearm in question and has no evidence that the nine millimeter ammunition seized during the search of 8 Roberts Street was used during the robbery or was the type of ammunition which could be used in the firearm. (Docket No. 89). For its position, the Government maintains that the evidence as to the robbery is intrinsic because its evidence will show that Defendant possessed the firearm during the robbery and cracked the gun, making the ammunition move into the chamber of the weapon. (Docket No. 36). The Government suggests that Defendant's possession of the ammunition in the firearm during the robbery on July 30 is circumstantial evidence which tends to prove that Defendant possessed the ammunition at 8 Roberts Street on the following day. (*Id.*).

The Court finds instructive the decision by the Court of Appeals in *United States v. Haas*, 184 F. App'x 230, 234 (3d Cir. 2006) (not precedential) as the facts of the instant matter are very similar to *Haas*. In *Haas*, the defendant was charged with possession of a firearm in violation of 18 U.S.C. § 922(g). *Id.* at 231. At trial, the Government sought the admission of evidence of the defendant's prior involvement in two robberies under Rule 404(b). *Id.* The District Court admitted evidence of one of the prior robberies, finding that the defendant's possession of a firearm during this robbery 2 days before the alleged possession of a firearm for which he was charged was intrinsic evidence. *Id.* at 232.

The Court of Appeals reversed and held that:

> [i]n this case, the District Court stated that it "agreed with the government" that the robbery on the 19th was "direct, intrinsic

12

> evidence of [Haas's] possession of the .357 Magnum." Under Cross, evidence is "intrinsic" if it directly proves the charged offense. The charged offense was possession of the gun on the 21st, not the 19th. Whatever probative value the evidence about Haas's activities on the 19th may have had, it did not directly prove that Haas possessed the gun on the 21st. To hold otherwise would be to strip the words "directly prove" of all meaning. The District Court erred, therefore, and the only route to admissibility for the robbery evidence is through 404(b).

*Haas*, 184 F. App'x at 234. The Court of Appeals then evaluated the evidence under Rules 404(b) and 403 and found that the District Court erred by failing to appropriately weigh the evidence under Rule 403 and did not give any limiting instructions to the jurors based on appropriate use of this evidence at trial. *Id.* As such, the majority reversed the District Court's decision and remanded for further consideration. *Id.* The dissent did not challenge this analysis, but would have held that the error by the District Court in failing to give limiting instructions was harmless because the defendant raised no objections during the trial. *Id.* at 235 (Barry, J, dissenting).

While *Haas* stands for the proposition that a period of two days between the use of a firearm and the later charged possession of a firearm is not sufficient to constitute intrinsic evidence, the decision in *United States v. Elliott*, 235 F. App'x 879 (3d Cir. 2007), recognized that a shorter period of time between the use of the firearm and the charged possession may lead to a determination that such evidence is intrinsic in nature. In *Elliott*, the defendant was charged with possession of a firearm which was located in a car in which he was traveling and the Court of Appeals affirmed the District Court's ruling admitting evidence of the defendant's involvement in a shooting which occurred a few minutes before the car was pulled over. *Id.* at 880-81. The Court of Appeals reasoned that use of the firearm during the shooting showed that

it was the defendant, rather than the other individuals in the car, who possessed the firearm. *Id.* at 881.

The facts of the instant case lie between those of the *Haas* and *Elliott*, as the robbery occurred in the afternoon on July 30 and the ammunition was found at 8 Roberts Street approximately 24 hours later, on July 31. Defendant makes much of the fact that the firearm was never recovered by law enforcement and suggests that the Government cannot prove that the ammunition found during the search could have been used in the robbery because the caliber of firearm cannot be precisely determined. (*See* Docket No. 89). The Government has not directly addressed the issue as to the caliber of the firearm although it was described to the police officers by witnesses to the robbery as a black and gray semiautomatic handgun. (*See* Docket Nos. 78; 67-2). While the handgun is not available for scientific testing, the eye witness accounts to law enforcement are strong circumstantial evidence that the 9 millimeter caliber ammunition found during the search was used during the robbery.[9] The Government proffers that this type of ammunition is operative in semiautomatic handguns.

However, even if the Government can circumstantially prove that the ammunition was used during the robbery, under the reasoning of *Haas*, the July 30 evidence would not "directly prove" the July 31 possession of the ammunition. Although 24 hours between the robbery and the search is a much shorter period of time than in *Haas*, it is too long a time period to directly prove that he possessed the ammunition at 8 Roberts Street on July 31, 2010. In addition, several other facts of record suggest that the robbery does not directly prove the possession offense, including that the robbery occurred at a different location (at Big Toms Barber Shop on Centre

---

[9] The Court notes that circumstantial evidence is evidence that, if believed, indirectly proves a fact and that such evidence is admissible as long as "the inferences drawn … have a logical and convincing connection to the facts established." *United States v. Casper*, 956 F.2d 416 (3d Cir. 1992) (citations omitted). Further, "[t]he fact that evidence is circumstantial does not mean it is less probative than direct evidence." *Id.* (citations omitted).

Avenue) than the search and the Government has not yet presented any evidence demonstrating that the defendant returned to 8 Roberts Street after the robbery was committed. (Instead, the Government proffers only that Defendant was arrested near 8 Roberts Street on July 30). Further, the defense intends to prove at trial that 8 Roberts Street was a crack house where people would come and go as they saw fit, which raises questions which also bear on the disputed issue of constructive possession.

The Government has not meaningfully argued that the second test for intrinsic evidence under *Green* applies to the admissibility of the robbery evidence in this case. Under that test, "uncharged acts performed contemporaneously with the charged crime may be termed intrinsic if they facilitate the commission of the charged crime." *Green*, 617 F.3d at 248. In this Court's opinion, the time period of 24 hours between the robbery and the search precludes any finding of "contemporaneous" action in this case. The Government also cannot establish that the robbery facilitated the possession offense. Certainly possession of a firearm or ammunition would have "facilitated" the armed robbery. But, the opposite is not necessarily true. Here, the robbery simply did not facilitate the possession of ammunition on the next day. Therefore, to the extent that the Government argues that the robbery evidence would be admissible under this theory, said argument is overruled.

For these reasons, the Court finds that the robbery evidence (and use of a loaded firearm) is not intrinsic to the instant offense. However, the Court in *Green* also held that:

> [a]s a practical matter, it is unlikely that our holding will exclude much, if any, evidence that is currently admissible as background or "completes the story" evidence under the inextricably intertwined test. We reiterate that the purpose of Rule 404(b) is "simply to keep from the jury evidence that the defendant is prone to commit crimes or is otherwise a bad person, implying that the jury needn't worry overmuch about the strength of the government's evidence." [*United States v. Taylor,* 522 F.3d 731,

735–36 (7th Cir. 2008)]. "*No other use* of prior crimes or other bad acts is forbidden by the rule," and one proper use of such evidence "is the need to avoid confusing the jury." *Id.* at 736 (emphasis added). *See also* [*United States v. Simmons,* 679 F.2d 1042, 1050 (3d Cir. 1982)] (recognizing that other crimes evidence may be admissible if offered for *any* non-propensity purpose, and identifying the need "to provide necessary background information" about the relationships among the players as a proper purpose). Thus, most, if not all, other crimes evidence currently admitted outside the framework of Rule 404(b) as "background" evidence will remain admissible under the approach we adopt today. The only difference is that the proponent will have to provide notice of his intention to use the evidence, and identify the specific, non-propensity purpose for which he seeks to introduce it (*i.e.,* allowing the jury to hear the full story of the crime). *See* [*United States v. Bowie,* 232 F.3d 923, 927 (D.C. Cir. 2000)]. Additionally, the trial court will be required to give a limiting instruction upon request. *See United States v. Kemp,* 500 F.3d 257, 296 (3d Cir.2007); *Bowie,* 232 F.3d at 927–28 (explaining that designation of evidence as "inextricably intertwined" unduly deprives the defendant of the right to a limiting instruction).

*Green*, 617 F.3d at 249. Following the Court of Appeals dictates in *Green* and the decisions we have considered above, the admissibility of the robbery evidence must be evaluated under Rule 404(b), along with the Government's other proffered Rule 404(b) evidence.

### B. Rule 404(b) Evidence

1. Additional Rule 404(b) Legal Standard

"[W]here the evidence only goes to show character, or that the defendant had a propensity to commit the crime, it must be excluded." *United States v. Sampson,* 980 F.2d 883, 887 (3d Cir.1992). "[A] proponent's incantation of the proper uses of such evidence under the rule does not magically transform inadmissible evidence into admissible evidence." *United States v. Williams,* 458 F.3d 312, 319 (3d. Cir.2006) (quoting *United States v. Morley,* 199 F.3d 129 (3d Cir.1999)). "To meet the first requirement and show a proper evidentiary purpose, the [proponent] must 'clearly articulate how that evidence fits into a chain of logical inferences without adverting to a mere propensity to commit a crime now based on the commission of crime

then.'" *Cruz,* 326 F.3d at 395 (quoting *United States v. Mastrangelo,* 172 F.3d 288, 295 (3d Cir.1999)). "[T]he burden on the government is not onerous. All that is needed is *some* showing of a proper relevance." *Sampson,* 980 F.2d at 888 (emphasis in original). "Unless the reason is apparent from the record, a mere list of the purposes found in Rule 404(b) is insufficient. The district court must put a chain of inferences into the record, none of which is the inference that the defendant has propensity to commit this crime." *Sampson,* 980 F.2d at 888.

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." FED. R. EVID. 401. Moreover, Rule 402 provides that relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence or other rules prescribed by the Supreme Court provide otherwise. Thus, irrelevant evidence is not admissible. FED. R. EVID. 402. Further, "inquiries of relevance and proper purpose are intimately intertwined. Evidence that is not relevant, by definition, cannot be offered for a proper purpose, and evidence that may be relevant for some purposes may be irrelevant for the purpose for which it is offered." *Morley,* 199 F.3d at 133.

If the Court determines that the evidence is proffered for a proper purpose under 404(b) and relevant under Rule 402, the Court must then evaluate the evidence under Rule 403. Rule 403 provides that: "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence". FED. R. EVID. 403. "It creates a presumption of admissibility." *United States v. Cross,* 308 F.3d 308, 323 (3d Cir. 2002) (citing *United States v. Universal Rehabilitation Serv. (PA), Inc.,* 205 F.3d 657, 664 (3d Cir. 2000) (en banc)). "A trial judge [ ... ] may exclude logically relevant other

crimes evidence if its probative value is substantially outweighed by the risk of undue prejudice. In making this determination, the trial judge must appraise the genuine need for the challenged evidence and balance that necessity against the risk that the information will influence the jury to convict on improper grounds." *United States v. Scarfo,* 850 F.2d 1015, 1019 (3d Cir.1988) (citing *United States v. Cook,* 538 F.2d 1000, 1003 (3d Cir. 1976)). Moreover, "when evidence is highly probative, even a large risk of unfair prejudice may be tolerable." *Cross,* 308 F.3d at 323. This Court is granted considerable discretion in evaluating evidence under Rule 403. *See Sampson,* 980 F.2d at 889 ("When a court engages in a Rule 403 balancing and articulates on the record a rational explanation, we will rarely disturb its ruling.").

In addition,

> district courts should generally deem prior bad acts evidence inadmissible to prove an issue that the defendant makes clear he is not contesting. The relevance of the prior bad acts evidence will be minimal in most such cases, since the evidence will not bear on the issues being contested. And the undue prejudice will be quite high, since prior bad acts evidence tends to be quite persuasive.

*Jemal,* 26 F.3d at 1274. Any proffer to stipulate by Defendant in this regard "must be comprehensive and unreserved, completely eliminating the government's need to prove the point it would otherwise try to establish using 404(b) evidence" but "even if the defendant is unwilling to make sufficient concessions to completely remove an issue from the case, the district court should weigh prejudice against probative value only after taking into account the defendant's 'partial' stipulation." *Id.* at 1274–75.

2. Application

i.    7/30/12 Robbery

In this Court's estimation, the July 30, 2010 robbery evidence is admissible under Rule 404(b). As is discussed at length above, this evidence "completes the story" of the July 31, 2010

18

possession offense and gives appropriate background information concerning why Defendant was being investigated, i.e., his commission of the robbery, his arrest later that evening, the need for the search warrant of his residence in an effort to locate the firearm used during the robbery and the stolen items and the subsequent search of 8 Roberts Street. *Green*, 617 F.3d at 249. This is a proper purpose for admission, is highly probative of the defendant's possession of ammunition at the Roberts Street residence and its probative value is not substantially outweighed by the danger of unfair prejudice to Defendant.

The Government suggests that this evidence is admissible for the other proper purposes listed in Rule 404(b), which include: motive, opportunity, preparation, knowledge, intent, and the absence of mistake or accident. *See* FED. R. EVID. 404(b). As is noted above, the Government is required to do more than simply recount these factors which are set forth in the rule and provide the Court with an evidentiary link between the evidence and the proffered purpose. This very light evidentiary threshold has been met by the Government's proffer at the pretrial conference because the possession of a loaded firearm on a day prior to the charged offense certainly shows that Defendant had the opportunity to commit the possession offense, had knowledge that the objects possessed were ammunition that could be used in a firearm, and, such evidence would negate any claim that the possession of the ammunition by Defendant was mistaken or accidental. The use of the loaded firearm during the robbery also shows a motive or "something that leads one to act," *Green*, 617 F.3d at 250 (quoting *Black's Law Dictionary* at 1039 (8th ed. 2004), with respect to the subsequent possession of the ammunition because Defendant held up a known victim at gunpoint and he knew[10] that this individual and the other witnesses to the robbery could identify him. Defendant then had a motive to hide the firearm (which he

---

[10] The Court notes that Plaintiff has his G.E.D., and reported that he had some past training as a carpenter. (Docket No. 47 at ¶ 73). He also is articulate.

apparently successfully did) and ammunition in his residence or elsewhere.[11]  *See id.* This Court believes that the robbery evidence is highly probative of all of these purposes which are not substantially outweighed by any prejudice to the defense, or the other considerations under Rule 403.  Indeed, as the Court of Appeals in *Green* held, evidence concerning the robbery actually will limit confusion of the jurors by providing appropriate background information from which they can rightfully decide this case.  *See Green*, 617 F.3d at 249.

In all, the Court finds that the July 30, 2010 robbery is admissible under Rule 404(b) to prove motive, opportunity, knowledge and lack of absence or mistake and to provide necessary background information as to the crime charged at Count One.  In accordance with *Green*, the Court will provide limiting instructions at the time of trial and in the final charge to the jury using Third Circuit Model Instructions 2.23 and 4.23, respectively.

   ii.   Defendant's Other § 922(g)(1) Convictions in 2002 and 2011

The Government also seeks to admit the 2002 and 2011 convictions of the Defendant for the purpose of showing knowledge, and absence of mistake or accident.  (Docket Nos. 36, 44). These are proper purposes for admissibility given that Defendant has put the issue of his knowledge of the presence of the ammunition in the residence and his intent to possess same at issue in this trial.  *See* FED. R. EVID. 404(b).  The proffered evidence appears to be relevant for these purposes.  FED. R. EVID. 401 (evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action.").  But, the probative value of such evidence must also be considered.

---

[11]  It does not appear that "preparation" would be a proper consideration in this case because of the timing of the robbery before the possession of the firearm and the fact that the Government has not proffered any evidence which would suggest that the defendant possessed the ammunition before the robbery and was "preparing" to commit that crime.  *See* FED. R. EVID. 404(b).

With respect to the 2002 conviction, while Defendant's possession of a firearm in a car in the Hill District in 2002 shows that he certainly knew it was illegal to possess this type of contraband, and negates any claim that he had no experience with any firearms or ammunition, it also shows that he had a propensity to possess firearms (and ammunition) and that such conduct was illegal. The parties have also stipulated that Defendant is a prior convicted felon and that the first element of the instant offense has been established at trial, so the prior conviction evidence is not needed to establish this element of the offense. (Docket No. 95). The prejudice to the defense if this prior conviction is admitted is obvious, as his prior conviction for the same type of offense at issue here will show the jury, even if properly instructed, that he has the propensity to commit the instant offense and other offenses like it. *See Jemal*, 26 F.3d at 1274 ("undue prejudice will be quite high, since prior bad acts evidence tends to be quite persuasive."); *United States v. Lee*, 612 F.3d 170, 202 (3d Cir. 2010) (Rendell, J., dissenting) ("when the crime pertains to guns I suggest that painting the defendant's character and past as effectively gun-filled is prejudicial indeed"). The 2002 offense is also so remote in time (in excess of eight years before the charged offense) that it is not as helpful as the Government would suggest to prove these admittedly proper evidentiary purposes. *See United States v.* Nestor, Cr. No. 07-369, 2010 WL 4879200, at *5 (W.D. Pa. Nov. 23, 2010) (period of two years not too remote in time to render Rule 404(b) evidence inadmissible); *see also United States v. Edouard*, 485 F.3d 1324, 1346 (11th Cir. 2007) (same).

Regarding the 2011 possession of a firearm in Ace's & Deuce's Bar to which Defendant has pled nolo contendere[12] given his intoxication during that episode, these events occurred *after*

---

[12]    It should be noted that:

> [a]lthough Federal Rule of Evidence 410 precludes the admission of a nolo contendere plea, the underlying facts are not insulated from admissibility under

the charged offense in this case. For essentially the same reasons, the probative value of such evidence is limited to Defendant's general awareness of the illegality of his conduct by possessing the ammunition a year earlier in 2010. In this Court's opinion, Defendant's possession of the firearm at the bar and intoxication on that date are not relevant in this case because, as the Government conceded during oral argument, the incident at Ace's & Deuce's Bar occurred *after* the crime charged in this case. Therefore, such evidence will not be admitted under Rule 404(b) in this case. However, for completeness, the Court will continue with its analysis of this evidence under Rule 403.

While the evidence as to the 2002 prior conviction and the 2011 post-offense conviction may be relevant, such evidence is not highly probative of the disputed issues at trial. The Court must next look to the genuine need of such evidence. *See Scarfo,* 850 F.2d at 1019. As the Court has ruled that the robbery evidence is admissible under Rule 404(b), the genuine need of the Government to present the 2002 prior conviction and 2011 post-offense conviction to negate Defendant's claim of accident, mistake or lack of knowledge or intent dissipates. So, the Court believes that prior and post-offense convictions are both of low probative value and not needed for the Government to establish its case against Defendant on the possession element which is disputed and will be disputed at trial in this case.

Given these findings, after balancing the Rule 403 factors with respect to the prior conviction and post-offense conviction, the Court holds that the probative value of this evidence is substantially outweighed by the considerable prejudice to the defendant, the cumulative nature

---

Federal Rule of Evidence 404(b), which provides that evidence of other crimes, wrongs, or acts is not admissible to prove character, but may be admissible for other specified purposes.

29 AM. JUR. 2D EVID. § 530. The Government is not attempting to admit the nolo plea into evidence but only the facts underlying such offense. Accordingly, Rule 410 would not be violated if such facts were admitted for proper purposes under Rule 404(b).

of the evidence given that the similar robbery evidence involving Defendant's possession of a firearm and ammunition will be admitted at trial, and the potential confusion of the issues before the jury. *See* FED. R. EVID. 403. The Court further concludes that admission of such evidence will unnecessarily lengthen the trial and cause delays in the presentation of evidence. For these reasons, the Court grants Defendant's motion in limine to exclude the Government from presenting evidence of Defendant's 2002 and 2011 convictions at trial.

V.  ORDER

Based on the foregoing, it is hereby ORDERED that Defendant's Motion In Limine (Docket No. [89]) is granted, in part, and denied, in part. Defendant's Motion is denied to the extent that the Court finds that the evidence of the July 30, 2010 robbery is admissible under Rule 404(b) for the reasons described above. Defendant's motion is granted to the extent that the Court holds that the evidence of Defendant's convictions under § 922(g)(1) in 2002 and 2011 (and surrounding circumstances as to Defendant's extensive drug and alcohol abuse in 2011) is properly excluded under Rule 403.

It is further ORDERED that Defendant's objection to Government Exhibit 13 is OVERRULED and such exhibit shall be admitted at trial.

It is further ORDERED that the parties shall submit proposed limiting instructions for the Court's consideration by no later than **5:00 p.m. on September 11, 2012** as to the robbery evidence which will be admitted under Rule 404(b).

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Date:   September 11, 2012

cc/ecf:  All counsel of record